**Appeal Dismissed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00662-CR

## ROBERT JOHN TREVINO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 0562991**

## M E M O R A N D U M   O P I N I O N

In April 1990, appellant Robert John Trevino pleaded guilty to theft. The trial court deferred adjudication and placed appellant on probation in June 1990. In October 1991, the trial court adjudicated appellant guilty and sentenced appellant to five years' imprisonment, then probated the sentence and again placed appellant on probation. In June 1992, the trial court signed a judgment revoking probation and sentencing appellant to five years' imprisonment. Appellant filed a notice of appeal from the judgment on July 13, 2018.

We lack jurisdiction over this appeal because the notice of appeal was not filed timely. A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notice of appeal was filed more than twenty-six years after the sentence was imposed. Therefore, the appeal was not timely perfected.

Accordingly, we **DISMISS** the appeal.

PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).